IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKYRA H. RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-960 |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| Defendant. ) | |
| ) | |

AMBROSE, District Judge

**OPINION AND
ORDER OF THE COURT**

**Synopsis**

Plaintiff Shakyra H. Riley brings this action alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq.* ("ADA"). Defendant Wal-Mart Stores East, LP ("Wal-Mart") moves to dismiss the action on the grounds that Plaintiff fails to state a claim under the ADA, and failed to exhaust her administrative remedies with respect to her retaliation claim. For the reasons set forth below, I grant Defendant's motion to dismiss Plaintiff's ADA claims without prejudice.

**I. Applicable Standards**

In deciding whether to grant or deny a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

>recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citation and footnote omitted); see also, Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise the right to relief above the speculative level).

More recently, in Ashcroft v. Iqbal, 129 S. Ct. 11937, 1949 (2009), the Supreme Court held that "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  The Supreme Court went on to specifically highlight the two principles which underpinned its decision in Twombly.  First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations.  Iqbal, 129 S. Ct. at 1949-50; see also, Fowler v. UPMC Shadyside 2009 WL 2501662, at *5 (3d Cir. Aug. 18, 2009).  Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific analysis, drawing on the court's judicial experience and common sense.  Iqbal, 129 S. Ct. at 1950; Fowler, 2009 WL 2501662, at * 5.  Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not shown - that the complainant is entitled to relief.  Iqbal, 129 S. Ct. at 1950.

**II. Factual Allegations**

Plaintiff was employed by Wal-Mart beginning on November 16, 2001. (Complaint [Docket No. 11-2], at ¶ 5.) On or about April 30, 2008, Plaintiff was diagnosed with bi-polar disorder. (Id. at ¶ 6.) At the time of her diagnosis, Plaintiff held the position of assistant manager at the store. In July 2008, Plaintiff missed approximately two weeks of work due to her condition. (Id. at ¶ 7.) When she returned, she provided Defendant with "Leave of Absence paperwork" which described her disorder. (Id.)

On August 1, 2008, Plaintiff became incoherent at work due to a combination of her bi-polar disorder medication and hypoglycemia. (Id. at ¶ 8.) Her symptoms included incoherence, slurred speech and the inability to stay awake. (Id.) Plaintiff's supervisor, observing her condition, informed Plaintiff that she must submit to a drug screening or she would be terminated. (Id.) Plaintiff, in her incoherent state, agreed. Plaintiff's supervisor then drove Plaintiff to various drug testing facilities in the area. (Id. at ¶ 9.)

On October 6, 2008, Plaintiff filed a complaint (the "Charge") with the Pennsylvania Human Rights Commission ("PHRC"). [Docket No. 11-3.] The Charge alleges that Plaintiff's employer was aware of her bipolar condition, yet failed to accommodate her with respect to the August 1, 2008 incident. Id. at ¶¶ 15-16. According to Plaintiff, a store manager was not sent out for a drug test when he had a similar episode a few months earlier. (Id. at ¶ 18.) Plaintiff also alleges that she requires accommodation with respect to her hypoglycemia. (Id. at ¶ 30.) The Charge was also filed with the EEOC. (Id. at ¶ 37; see also, Docket No. 11-2, at ¶ 2(a).)

On or about February 1, 2009, Wal-Mart posted a notice for a Department Manger position at the Mount Pleasant store. (Docket No. 11-2, at ¶ 11.) Plaintiff had previously held

3

that position at a different store, and it would have been a promotion from her current position as assitant manager. (Id.)   She applied for the position, but did not receive an interview.  (Id.)

**III.  Defendant's Motion To Dismiss**

The Complaint sets forth two claims, both arising under the ADA.  For her first claim, Plaintiff alleges that Defendant failed to accommodate her disabilities by requiring her to take a drug test, rather than taking her to a medical provider or hospital on the day of the August incident.  Plaintiff's second claim alleges that she was denied a promotion in retaliation for her complaint to the PHRC and EEOC.  Defendant argues that Plaintiff failed to exhaust her administrative remedies with respect to both claims, because the Charge only references violations of the PHRA, not the ADA, and does not reference her retaliation claim at all.  Defendant further argues that the Complaint does not state a claim under the ADA.

     A.     **Failure to Exhaust Administrative Remedies**

The Third Circuit has held that "[b]efore bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."  Webb v. City of Philadelphia, 562 F.3d 256, 262 (3d Cir. 2009).  "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court."  Id.  The Third Circuit has further recognized that while "the preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion, the aggrieved party is not permitted to bypass the administrative process."  Id. at 262-63.  Accordingly, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Id. at 263.

Here, Plaintiff complained to both the PHRC and the EEOC that Defendant failed to accommodate her with respect to her bi-polar disorder and her hypoglycemia.  While the Charge expressly discusses only violations the PHRA,[1] the captions and body of the Charge clearly explain that Plaintiff believes that she was discriminated against because of her disabilities and Defendant's failure to accommodate them.  Under these circumstances, the Plaintiff's Charge to the EEOC adequately put the agency on notice that she was complaining of disability discrimination, and her discrimination claim was fairly within the scope of that filing.

Accordingly, I find that Plaintiff exhausted her administrative remedies with respect to her discrimination claim.

With respect to Plaintiff's claim for retaliation, Plaintiff concedes that her "claim for retaliation is not fairly within the scope of her prior PHRC charge."  (Pl. Br. at 4.)  Plaintiff indicates that she has submitted a new charge to the PHRC alleging a retaliatory failure to promote, and requests that I dismiss her retaliation claim without prejudice. (Id.)

I agree with Plaintiff and Defendant that the retaliation claim, premised on conduct that occurred after her PHRC/EEOC Charge and any investigation thereof, was not encompassed within those charges.  Accordingly, Plaintiff has not exhausted her administrative remedies with respect to that claim.  Count II of Plaintiff's complaint shall be dismissed without prejudice to refiling once she fulfills the administrative prerequisites.  See, e.g., Dela Cruz v. Piccari Press, 521 F. Supp.2d 424, 435 (E.D. Pa. 2007) (dismissing claim without prejudice where plaintiff

---

[1] Defendant's motion annexes a copy of Plaintiff's Charge to the PHRC, which indicates it was dual-filed with the EEOC.  I was not provided with a copy of the actual filing with the EEOC or the EEOC's right to sue letter.  Since Plaintiff has not stated otherwise, I can only assume, for purposes of this motion that the filings with the PHRC and EEOC were identical.

failed to exhaust administrative remedies with respect to claim arising after original EEOC filing).

### B. Failure to State a Claim

Defendant argues that the allegations of the complaint do not set forth a discrimination claim under the ADA. More specifically, Defendant argues that Plaintiff has only alleged that "Wal-Mart failed to react appropriately to an isolated incident on August 1, 2008 and take her to the hospital or get her medical care." (Def. Br. at 8.) According to Defendant, that incident as a matter of law does not amount to discrimination under the ADA.

"To establish a prima facie case of discrimination under the ADA, a plaintiff must. . .show (1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." Williams v. Philadelphia Housing Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004), cert. denied, 544 U.S. 961 (2005). The ADA further provides that "an employer 'discriminates' against a qualified individual with a disability when the employer does 'not make reasonable accommodations to the known physical or mental limitations of the individual unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer.'" Id. (quoting 42 U.S.C. § 12112(b)(5)(A))(alteration in original).

"[A]n employer has a duty under the ADA to engage in an "interactive process" of communication with an employee requesting an accommodation so that the employer will be able to ascertain whether there is in fact a disability and, if so, the extent of thereof, and

6

thereafter be able to assist in identifying reasonable accommodations where appropriate." Id. at 771. "An employee can demonstrate that an employer breached its duty to provide reasonable accommodations because it failed to engage in good faith in the interactive process by showing that: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." Id. at 772.

      The allegations set forth in the Complaint, taken as true for purposes of this motion, do not set forth a claim for discrimination based on a failure to accommodate. While Plaintiff alleges that Defendant was aware of her disability, Plaintiff does not allege that she ever requested a specific accommodation or any other assistance with respect to her disability. The complaint does not allege a failure on the part of the employer to engage in the requisite interactive process; rather, it alleges merely what Plaintiff deems to be an improper response to an isolated incident. See Docket No. 11-2, at ¶ 14 ("Defendant failed to make a reasonable accommodation for Plaintiff, putting her life in serious jeopardy.")

      Accordingly, I find that Plaintiff has failed to state a claim for discrimination under the ADA.

      However, in her brief, Plaintiff argues that she "is not simply seeking to redress a past wrong. She is doing that, but is also attempting to have Defendant reasonably accommodate Plaintiff by changing its drug policy in so far as she is concerned. Here, even after the incident as alleged in Plaintiff's Complaint, Defendant failed to engage in any kind of interactive process to determine the type of accommodation necessary for Defendant to perform her job adequately."

(Pl. Br. at 6.)  These allegations, which do not appear in the Complaint, *may*, given additional specificity, state a claim under the ADA for discrimination.  Plaintiff has the right to amend her Complaint accordingly.

## Conclusion

Based on the foregoing, Defendant's motion to dismiss is granted.

## ORDER OF COURT

Having carefully considered Defendant's motion to dismiss the Complaint [Docket Nos. 11, 12] and Plaintiff's opposition thereto [Docket Nos. 13, 14], it is hereby ORDERED that:

(1) Defendant's motion to dismiss is GRANTED WITHOUT PREJUDICE; and

(2) Plaintiff may amend Count I of her Complaint in accordance with the accompanying OPINION on or before October 16, 2009.

Dated: September 28, 2009

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U.S. District Judge